UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: | |
| MICHAEL R. GIGLIOTTI, | CASE NO. 08-22107 |
| DEBTOR | CHAPTER 7 |
| ANTHONY S. NOVAK, TRUSTEE, | |
| PLAINTIFF, | |
| v. | ADV. PRO. NO. 09-2044 |
| PATRICIA GIGLIOTTI, | |
| DEFENDANT | Re: ECF NO. 24 |

APPEARANCES:

Derek V. Oatis, Esq.                                Counsel for Plaintiff
Lobo & Novak LLP
280 Adams Street
Manchester, CT 06042

John A. Barbieri, Esq.                              Counsel for Defendant
18 Cedar Street, P.O. Box 1445
New Britain, CT 06050

**BRIEF MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I. PROCEDURAL BACKGROUND**

Michael R. Gigliotti (hereafter, the "Debtor"), on October 28, 2008, commenced the instant bankruptcy case by the filing of a bankruptcy petition pursuant Chapter 7 of Title 11, United States Code. He received his discharge on February 10, 2009. Anthony S.

Novak, the duly appointed Chapter 7 Trustee (hereafter, the "Trustee"), on July 24, 2009, commenced the captioned adversary proceeding by the filing of a Complaint (hereafter, the "Complaint") against the Debtor's wife, Patricia Gigliotti (hereafter, the "Defendant"). The Complaint seeks to avoid, as a fraudulent transfer pursuant to Bankruptcy Code §548(a)(1), the Debtor's November 8, 2007, conveyance to the Defendant for no consideration of his one-half interest in certain real property.

Presently before the Court are the Defendant's Motion for Summary Judgment (hereafter, the "Motion"),[1] ECF No. 24, the Trustee's . . . Memorandum in Opposition Objection to Motion for Summary Judgment, ECF No. 28, and the Defendant's Memorandum in Response to Plaintiff's Memorandum in Opposition to Motion for Summary Judgment". ECF No. 27.

## II. DISCUSSION

Defendant, citing this Court's decision in O'Neil v. Jones (In re Jones), 403 B.R. 228 (Bankr. D.Conn. 2009), argues that she is entitled to judgment as a matter of law on grounds that the Debtor's transfer of property that would have been exempt under state law is outside the scope of the Connecticut Uniform Fraudulent Transfer Act ("CUFTA"), Conn. Gen. Stat. §52-552a *et seq*. Such argument, as applied to the Complaint in the present adversary proceeding, is unavailing. The trustee in Jones brought an avoidance action under state law, CUFTA, as he was authorized to do under Bankruptcy Code §544. The provisions of CUFTA, however, are unrelated to the present proceeding in which the

---

[1] Attached to the Motion was a Memorandum of Law in Support of Defendant's Motion for Summary Judgment. ECF No. 24-1.

2

Trustee seeks to avoid a transfer pursuant to Bankruptcy Code §548(a)(1).

Additionally, the parties' discussions concerning the Debtor's election, in his petition, to utilize the federal, rather than the state, exemption scheme are inapposite to the present proceeding. Although the Debtor transferred the property at issue prepetition and thus had no interest therein to schedule when he filed his petition, Bankruptcy Code §541(a)(3) states that property of the estate includes "any interest in property that the trustee recovers" as a result of an avoided transfer and, regardless of which exemption scheme a debtor has elected, §522(g) permits a debtor to exempt such recovered property only if he had transferred it involuntarily.

### III. CONCLUSION AND ORDER

In accordance with the foregoing discussion, the Court finds that there are material facts to be determined at trial, and that the Defendant is not entitled to judgment as a matter of law, in accordance with which:

**IT IS HEREBY ORDERED** that the Motion is **DENIED**.

Dated: July 29, 2010                                                    BY THE COURT

*Albert S. Dabrowski*
Albert S. Dabrowski
United States Bankruptcy Judge

3